## Case No. 10,446.

### In re O'FARRELL et al.

[3 Ben. 191; [1] 2 N. B. R. 484 (Quarto, 154); 2 Am. Law T. 106; 1 Am. Law T. Rep. Bankr. 159.]

District Court, S. D. New York. April, 1869.

#### DEATH OF BANKRUPT—DISCHARGE.

If a bankrupt dies during the bankruptcy proceedings, so that he cannot comply with section 29 of the bankruptcy act [of 1867 (14 Stat. 531)], a discharge cannot be granted to such bankrupt, notwithstanding the provision of section 12 of the act, that, "if the debtor dies after the issuing of the warrant, the proceedings may be continued and concluded in like manner as if he had lived."

In this case, after the first meeting of creditors, one of the bankrupts, Matthew O'Farrell, died. In the course of the subsequent proceedings, a witness was called on behalf of the dead bankrupt, to give certain evidence with a view that a discharge of such bankrupt might be issued. The evidence was objected to, and the register certified to the court the question, whether, if the debtor dies, after the issuing of the warrant in bankruptcy, the proceedings may be continued and concluded and a discharge granted, as to him, in like manner as if he had lived.

By HENRY WILDER ALLEN, Register:

[I, Henry Wilder Allen, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said matter before me, the following question arose pertinent to the said proceedings, and was stated and agreed to by the counsel for the opposing parties, to wit: Mr. John Todd, who appeared for the bankrupts, and Mr. J. A. Seixas, who appeared for Spies, Christ & Jay, creditors of said bankrupts.

[Mr. William Graham, having been produced as a witness on behalf of the bankrupt, Matthew O'Farrell, was asked the following question: "Had Matthew O'Farrell any interest, directly or indirectly, in any property purchased by you at the assignee's sale of Matthew & Daniel O'Farrell?"

[This question was objected to by the counsel for the creditors, as immaterial, so far as the testimony is offered for the purpose of negativing the testimony heretofore offered by creditors against Matthew O'Farrell, or for the purpose of entitling said Matthew O'Farrell to his discharge in bankruptcy. It is conceded that Matthew O'Farrell died after the issuing of the warrant herein and after a first meeting of creditors, and in the month of November, 1868.

[This testimony is offered with a view that a certificate of discharge may be issued to the said Matthew O'Farrell, notwithstanding his death. The question of law arising, is, if the debtor dies after the issuing of the warrant in bankruptcy, the proceedings may be continued and concluded, and a discharge granted as to him in like manner as if he had lived.

[And the said parties requested that the same should be certified to the judge for his opinion thereon.][2]

BLATCHFORD, District Judge. Although the 12th section of the act declares, that, "if the debtor dies after the issuing of the warrant, the proceedings may be continued and concluded in like manner as if he had lived," yet, in view of the fact that the provision is found in a section which relates, exclusively, to proceedings to appropriate the debtor's property to the payment of his debts, and of the further fact that, if the bankrupt is dead, he cannot apply, under section 29, for a discharge, and cannot sign the petition, form No. 51, and cannot take and subscribe the oath required by section 29, I do not think that the word "proceedings" in section 12, can be held to include a discharge, unless there is a compliance with the requirements of section 29, in regard to the application for a discharge and the oath.